# Exhibit A

**SETTLEMENT AND RELEASE AGREEMENT**

This Settlement and Release Agreement (the "Agreement") is entered into between former employee Lakisha Hogue ("Employee") and Red Lion Home Care, Inc. ("the Company"), collectively referred to herein as "the Parties."

WHEREAS, Employee has filed a lawsuit against the Company, captioned *Lakisha Hogue et al. v. Red Lion [Home] Care, Inc.* in the United States District Court for the Eastern District of Pennsylvania, Case No. 21-485 alleging failure to pay wages due ("the Lawsuit"),

WHEREAS, the Company denies that wages are due to Employee; and

WHEREAS, in order to avoid the time and expense of litigation, the Parties have agreed to settle fully and finally all actual or potential claims or differences between them relating to wages, and want to memorialize the terms of the settlement;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the receipt of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the Parties as follows:

1. NO ADMISSION.  This Agreement and compliance with it shall not be construed as an admission by the Company of any liability whatsoever or of any violation of the rights of Employee or any person, or any violation of any order, law, statute, duty, or contract whatsoever against Employee or any person.  The Company specifically denies and disclaims any such liability on the part of the Company, its current and former employees, owners, officers, directors, agents, members, parents, subsidiaries, affiliates, successors or assigns, as well as clients to which Employee was assigned ("Released Parties").

2. CONSIDERATION.  No later than the thirtieth (30th) day after the date on which (1) the Company's counsel receives this Agreement signed by Employee and a W-9 Form signed by Employee's counsel of record, and (2) the Court issues an order approving the Settlement and dismissing the Lawsuit pursuant to Local Rule 41.1(b), the Company shall cause to be delivered to Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, Pennsylvania three checks totaling the gross amount of Twenty Thousand Dollars and No Cents ($20,000.00), as follows:

   a. one check payable to Lakisha Hogue, in the gross amount of Six Thousand Four Hundred Forty Three Dollars and Eighty One Cents ($6,443.81), subject to withholdings for wages,

   b. one check payable to Lakisha Hogue in the amount of Six Thousand Four Hundred Forty Three Dollars and Eighty Two Cents ($6,443.82), for which a Form 1099 will issue, and

    c.  one check payable to Karpf, Karpf & Cerutti, P.C. in the amount of Seven Thousand One Hundred Twelve Dollars and Thirty Seven Cents ($7,112.37), for which the appropriate Forms 1099 will be issued.

3.  <u>TOTAL CONSIDERATION</u>.  Employee agrees that the Consideration set forth in Paragraph 2 above is the sole and exclusive consideration for, and settlement in full accord and satisfaction of all claims against the Company, its employees, officers, directors, agents, members, parents, subsidiaries, affiliates, successors or assigns or clients (individually and/or collectively), including her asserted claim for unpaid wages, as well as any federal, state, or local claims or causes of action, both past and present, known and unknown relating to any claim of unpaid wages.  Employee further agrees that she will not seek any further compensation for any other claimed damage, liquidated damages, premiums, interest, costs, or attorneys' fees in connection with the matters encompassed in this Agreement, and that the Parties shall each bear their own attorneys' fees and costs.

4.  <u>REPRESENTATIONS.</u>  By executing this Agreement, Employee represents that no wages or other monies are due to her at this time, other than the Consideration set forth in Paragraph 2 above.

5.  <u>FAIR AND REASONABLE RESOLUTION OF *BONA FIDE* DISPUTE</u>.  Employee stipulates and agrees that she has had the advice of an attorney experienced in wage and hour disputes; the Agreement reflects a reasonable compromise of genuinely disputed factual issues and is a fair and reasonable resolution of a *bona fide* dispute of her unpaid wages claim under the Fair Labor Standards Act, 29 U.S.C. §216.  Employee further agrees that she will cooperate to the fullest extent necessary to make any court filings necessary to seek Court approval of and/or enforce this Agreement at any future date, including by opting out of any class action or by not opting into any collective action alleging the similar claims for unpaid wages.  If at any future date, a court were to decline to enforce this Agreement, in whole, or in part, Employee agrees that as long as the Company has paid and Employee has received such wages, damages or penalties, and fees' and costs in full in accordance with paragraph 2, then as of the date on which she signed this Agreement, she has been paid for all wages due and owing for the claims alleged; a fair amount for associated liquidated damages or penalties under federal, state and local law; and for her attorney's fees and costs as of the date on which she signed this Agreement.

6.  <u>RELEASE</u>.  Employee hereby irrevocably and unconditionally releases and forever discharges the Released Parties and all persons acting by, through, under, or in concert with any of them from all claims liabilities, actions, demands, obligations, agreements, or proceedings of any kind, individually or as part of a group action, whether known or unknown, arising out of or relating to unpaid wages in connection with Employee's employment, including, but not limited to, all matters in law, in equity, in contract, or in tort, or pursuant to statute, including damages, liquidated damages, penalties, premiums, interest, attorney's fees, costs and expenses, to the

fullest extent permitted by governing law, including without limitation, claims arising under the Fair Labor Standards Act and analogous state or local laws.

7.    <u>NO PENDING CLAIMS</u>.  Employee represents that she will voluntarily dismiss the Lawsuit, and that she has not filed, and will not file, any other complaints, claims, or actions against the Released Parties with any state, federal, or local agency or court or any other forum based on events prior to the execution date of this Agreement.  However, nothing in this Agreement shall preclude a federal, state or local government agency from enforcing applicable laws; although, Employee agrees that this Agreement bars her from recovering any individual relief in connection with any such enforcement action filed by her or on her behalf, to the fullest extent permitted by governing law.

8.    <u>NONDISCLOSURE</u>.  Employee agrees that she and has kept the terms of the negotiation of this Agreement confidential, with the exception of consulting with attorneys, tax advisors and immediate family members who have been informed of the need to keep it confidential, and with respect to her attorneys, not publicize the settlement on social media or websites.  Except as may be necessary for court approval, Employee agrees that she will not hereinafter disclose the terms of this Agreement (in particular, the Consideration provided in Paragraph 2), or the fact of its existence or execution, to anyone, except that Employee may disclose the terms to her attorneys, accountants, or immediate family members.  Such individuals shall be informed of the duty to keep the terms confidential pursuant to this paragraph and not advertise it online.  Otherwise, if asked about this matter, Employee may <u>only</u> respond that:  "It has been resolved, and I cannot discuss it," or words to that effect. Should Employee receive a subpoena or order of a court reasonably believed to be a court of proper jurisdiction seeking the disclosure of the terms of this Agreement, Employee shall give the Company notice of any such order or subpoena by forwarding the same within three business days to Stuart Race, Red Lion Home Care Inc., 300 East Lancaster Avenue, Suite 104, Wynnewood, PA 19096..

9.    <u>NO TRANSFER</u>.  This Agreement shall be binding upon, and inure to the benefit of, the Released Parties and upon their employees, officers, directors, members, parents, subsidiaries, affiliates, agents, heirs, administrators, representatives, executors, successors, and assigns.  Employee expressly warrants that she has not transferred to any person or entity any rights, causes of action or claims released in this Agreement.

10.    <u>PLAIN MEANING</u>. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties.

11.    <u>GOVERNING LAW AND ENFORCEMENT</u>.  This Agreement shall be construed and enforced pursuant to the laws of the Commonwealth of Pennsylvania.  It is further understood and agreed that if, at any time, a violation of any term of this Agreement is asserted by any Party hereto, that Party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages.

12.     <u>VOLUNTARY AGREEMENT.</u>     Employee acknowledges that she has read this Agreement, understands its legal and binding effect, and is acting voluntarily and of her own free will in executing it.  Employee understands that the consideration for this Agreement is in addition to anything of value to which she is already entitled.  Employee has had the opportunity to seek, and is advised in writing to seek, legal counsel prior to signing this Agreement.  Employee has been given at least 21 days from the date she received this Agreement to consider its terms before signing it.  In the event that she chooses to sign it prior to the expiration of the 21-day consideration period, she represents that she is knowingly and voluntarily waiving the remainder
of the 21-day consideration period, and agrees that changes, whether material or immaterial, do not restart the running of the 21-day consideration period.

13.     <u>Neutral Reference.</u> Company shall provide Employee with a neutral reference, as follows:  if the Company is contacted by any current or prospective employer of Employee, the Company and its agents shall provide only Employee's dates of employment, job title, and rate of pay, if authorized.

Dated: ___08/05/2021___

LAKISHA HOGUE

Dated: __8/27/21__

RED LION HOME CARE INC.

By:_____

STUART RACE

4834-5853-0548.3 / 100552-1004

4

# Exhibit B

**SETTLEMENT AND RELEASE AGREEMENT**

This Settlement and Release Agreement (the "Agreement") is entered into between former employee Arthur Johnson ("Employee") and Red Lion Home Care, Inc. ("the Company"), collectively referred to herein as "the Parties."

WHEREAS, Employee has filed a lawsuit against the Company, captioned *Lakisha Hogue et al. v. Red Lion [Home] Care, Inc.* in the United States District Court for the Eastern District of Pennsylvania, Case No. 21-485 alleging failure to pay wages due ("the Lawsuit"),

WHEREAS, the Company denies that wages are due to Employee; and

WHEREAS, in order to avoid the time and expense of litigation, the Parties have agreed to settle fully and finally all actual or potential claims or differences between them relating to wages, and want to memorialize the terms of the settlement;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the receipt of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the Parties as follows:

1. <u>NO ADMISSION</u>.  This Agreement and compliance with it shall not be construed as an admission by the Company of any liability whatsoever or of any violation of the rights of Employee or any person, or any violation of any order, law, statute, duty, or contract whatsoever against Employee or any person.  The Company specifically denies and disclaims any such liability on the part of the Company, its current and former employees, owners, officers, directors, agents, members, parents, subsidiaries, affiliates, successors or assigns, as well as clients to which Employee was assigned ("Released Parties").

2. <u>CONSIDERATION</u>.  No later than the thirtieth (30th) day after the date on which (1) the Company's counsel receives this Agreement signed by Employee and a W-9 Form signed by Employee's counsel of record, <u>and</u> (2) the Court issues an order approving the Settlement and dismissing the Lawsuit pursuant to Local Rule 41.1(b), the Company shall cause to be delivered to Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, Pennsylvania three checks totaling the gross amount of Twenty Five Thousand Dollars and No Cents ($25,000.00), as follows:

    a. one check payable to Arthur Johnson, in the gross amount of Eight Thousand Sixty Eight Dollars and Eighty One Cents ($8,068.81), subject to withholdings for wages;

    b. one check payable to Arthur Johnson in the amount of Eight Thousand Sixty Eight Dollars and Eighty Two Cents ($8,068.82), for which a Form 1099 will issue, and

c.  one check payable to Karpf, Karpf & Cerutti, P.C. in the amount of Eight Thousand Eight Hundred Sixty Two Dollars and Thirty Seven Cents ($8,862.37), for which the appropriate Forms 1099 will be issued.

3.  <u>TOTAL CONSIDERATION</u>.  Employee agrees that the Consideration set forth in Paragraph 2 above is the sole and exclusive consideration for, and settlement in full accord and satisfaction of all claims against the Company, its employees, officers, directors, agents, members, parents, subsidiaries, affiliates, successors or assigns or clients (individually and/or collectively), including him asserted claim for unpaid wages, as well as any federal, state, or local claims or causes of action, both past and present, known and unknown relating to any claim of unpaid wages.  Employee further agrees that he will not seek any further compensation for any other claimed damage, liquidated damages, premiums, interest, costs, or attorneys' fees in connection with the matters encompassed in this Agreement, and that the Parties shall each bear their own attorneys' fees and costs.

4.  <u>REPRESENTATIONS.</u>  By executing this Agreement, Employee represents that no wages or other monies are due to him at this time, other than the Consideration set forth in Paragraph 2 above.

5.  <u>FAIR AND REASONABLE RESOLUTION OF *BONA FIDE* DISPUTE</u>.  Employee stipulates and agrees that he has had the advice of an attorney experienced in wage and hour disputes; the Agreement reflects a reasonable compromise of genuinely disputed factual issues and is a fair and reasonable resolution of a *bona fide* dispute of him unpaid wages claim under the Fair Labor Standards Act, 29 U.S.C. §216.  Employee further agrees that he will cooperate to the fullest extent necessary to make any court filings necessary to seek Court approval of and/or enforce this Agreement at any future date, including by opting out of any class action or by not opting into any collective action alleging the similar claims for unpaid wages.  If at any future date, a court were to decline to enforce this Agreement, in whole, or in part, Employee agrees that as long as the Company has paid and Employee has received such wages, damages or penalties, and fees' and costs in full in accordance with paragraph 2, then as of the date on which he signed this Agreement, he has been paid for all wages due and owing for the claims alleged; a fair amount for associated liquidated damages or penalties under federal, state and local law; and for him attorney's fees and costs as of the date on which he signed this Agreement.

6.  <u>RELEASE</u>.  Employee hereby irrevocably and unconditionally releases and forever discharges the Released Parties and all persons acting by, through, under, or in concert with any of them from all claims liabilities, actions, demands, obligations, agreements, or proceedings of any kind, individually or as part of a group action, whether known or unknown, arising out of or relating to unpaid wages in connection with Employee's employment, including, but not limited to, all matters in law, in equity, in contract, or in tort, or pursuant to statute, including damages, liquidated damages, penalties, premiums, interest, attorney's fees, costs and expenses, to the fullest extent permitted by governing law, including without limitation, claims arising under the Fair Labor Standards Act and analogous state or local laws.

7.      <u>NO PENDING CLAIMS</u>.  Employee represents that he will voluntarily dismiss the Lawsuit, and that he has not filed, and will not file, any other complaints, claims, or actions against the Released Parties with any state, federal, or local agency or court or any other forum based on events prior to the execution date of this Agreement. However, nothing in this Agreement shall preclude a federal, state or local government agency from enforcing applicable laws; although, Employee agrees that this Agreement bars him from recovering any individual relief in connection with any such enforcement action filed by him or on him behalf, to the fullest extent permitted by governing law.

8.      <u>NONDISCLOSURE</u>.  Employee agrees that he and has kept the terms of the negotiation of this Agreement confidential, with the exception of consulting with attorneys, tax advisors and immediate family members who have been informed of the need to keep it confidential, and with respect to him attorneys, not publicize the settlement on social media or websites.  Except as may be necessary for court approval, Employee agrees that he will not hereinafter disclose the terms of this Agreement (in particular, the Consideration provided in Paragraph 2), or the fact of its existence or execution, to anyone, except that Employee may disclose the terms to him attorneys, accountants, or immediate family members.  Such individuals shall be informed of the duty to keep the terms confidential pursuant to this paragraph and not advertise it online.  Otherwise, if asked about this matter, Employee may <u>only</u> respond that:  "It has been resolved, and I cannot discuss it," or words to that effect. Should Employee receive a subpoena or order of a court reasonably believed to be a court of proper jurisdiction seeking the disclosure of the terms of this Agreement, Employee shall give the Company notice of any such order or subpoena by forwarding the same within three business days to Stuart Race, Red Lion Home Care Inc., 300 East Lancaster Avenue, Suite 104, Wynnewood, PA 19096..

9.      <u>NO TRANSFER</u>.  This Agreement shall be binding upon, and inure to the benefit of, the Released Parties and upon their employees, officers, directors, members, parents, subsidiaries, affiliates, agents, heirs, administrators, representatives, executors, successors, and assigns.  Employee expressly warrants that he has not transferred to any person or entity any rights, causes of action or claims released in this Agreement.

10.     <u>PLAIN MEANING</u>. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties.

11.     <u>GOVERNING LAW AND ENFORCEMENT</u>.  This Agreement shall be construed and enforced pursuant to the laws of the Commonwealth of Pennsylvania.  It is further understood and agreed that if, at any time, a violation of any term of this Agreement is asserted by any Party hereto, that Party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages.

12.     <u>VOLUNTARY AGREEMENT.</u>  Employee acknowledges that he has read this Agreement, understands its legal and binding effect, and is acting voluntarily and of him own

3

free will in executing it.  Employee understands that the consideration for this Agreement is in addition to anything of value to which he is already entitled.  Employee has had the opportunity to seek, and is advised in writing to seek, legal counsel prior to signing this Agreement. Employee has been given at least 21 days from the date he received this Agreement to consider its terms before signing it.  In the event that he chooses to sign it prior to the expiration of the 21-day consideration period, he represents that he is knowingly and voluntarily waiving the remainder
of the 21-day consideration period, and agrees that changes, whether material or immaterial, do not restart the running of the 21-day consideration period.

     13.  <u>Neutral Reference.</u>  Company shall provide Employee with a neutral reference, as follows:  if the Company is contacted by any current or prospective employer of Employee, the Company and its agents shall provide only Employee's dates of employment, job title, and rate of pay, if authorized.


Dated: 8-6-2021

ARTHUR JOHNSON


Dated: 8/27/21

RED LION HOME CARE INC.

By:_____
     STUART RACE

# Exhibit C

**SETTLEMENT AND RELEASE AGREEMENT**

This Settlement and Release Agreement (the "Agreement") is entered into between former employee Michelle Wilson ("Employee") and Red Lion Home Care, Inc. ("the Company"), collectively referred to herein as "the Parties."

WHEREAS, Employee has filed a lawsuit against the Company, captioned *Lakisha Hogue et al. v. Red Lion [Home] Care, Inc.* in the United States District Court for the Eastern District of Pennsylvania, Case No. 21-485 alleging failure to pay wages due ("the Lawsuit"),

WHEREAS, the Company denies that wages are due to Employee; and

WHEREAS, in order to avoid the time and expense of litigation, the Parties have agreed to settle fully and finally all actual or potential claims or differences between them relating to wages, and want to memorialize the terms of the settlement;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the receipt of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the Parties as follows:

1.   <u>NO ADMISSION</u>.  This Agreement and compliance with it shall not be construed as an admission by the Company of any liability whatsoever or of any violation of the rights of Employee or any person, or any violation of any order, law, statute, duty, or contract whatsoever against Employee or any person.  The Company specifically denies and disclaims any such liability on the part of the Company, its current and former employees, owners, officers, directors, agents, members, parents, subsidiaries, affiliates, successors or assigns, as well as clients to which Employee was assigned ("Released Parties").

2.   <u>CONSIDERATION</u>.  No later than the thirtieth (30th) day after the date on which (1) the Company's counsel receives this Agreement signed by Employee and a W-9 Form signed by Employee's counsel of record, <u>and</u> (2) the Court issues an order approving the Settlement and dismissing the Lawsuit pursuant to Local Rule 41.1(b), the Company shall cause to be delivered to Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, Pennsylvania three checks totaling the gross amount of Ten Thousand Dollars and No Cents ($10,000.00), as follows:

    a.   one check payable to Michelle Wilson, in the gross amount of Three Thousand One Hundred Ninety Three Dollars and Eighty One Cents ($3,193.81), subject to withholdings for wages;

    b.   one check payable to Michelle Wilson in the amount of Three Thousand One Hundred Ninety Three Dollars and Eighty Two Cents ($3,193.82), for which a Form 1099 will issue, and

    c.   one check payable to Karpf, Karpf & Cerutti, P.C. in the amount of Three Thousand Six Hundred Twelve Dollars and Thirty Seven Cents ($3,612.37), for which the appropriate Forms 1099 will be issued.

3.   <u>TOTAL CONSIDERATION</u>.   Employee agrees that the Consideration set forth in Paragraph 2 above is the sole and exclusive consideration for, and settlement in full accord and satisfaction of all claims against the Company, its employees, officers, directors, agents, members, parents, subsidiaries, affiliates, successors or assigns or clients (individually and/or collectively), including her asserted claim for unpaid wages, as well as any federal, state, or local claims or causes of action, both past and present, known and unknown relating to any claim of unpaid wages.   Employee further agrees that she will not seek any further compensation for any other claimed damage, liquidated damages, premiums, interest, costs, or attorneys' fees in connection with the matters encompassed in this Agreement, and that the Parties shall each bear their own attorneys' fees and costs.

4.   <u>REPRESENTATIONS.</u>  By executing this Agreement, Employee represents that no wages or other monies are due to her at this time, other than the Consideration set forth in Paragraph 2 above.

5.   <u>FAIR AND REASONABLE RESOLUTION OF *BONA FIDE* DISPUTE</u>.   Employee stipulates and agrees that she has had the advice of an attorney experienced in wage and hour disputes; the Agreement reflects a reasonable compromise of genuinely disputed factual issues and is a fair and reasonable resolution of a *bona fide* dispute of her unpaid wages claim under the Fair Labor Standards Act, 29 U.S.C. §216.  Employee further agrees that she will cooperate to the fullest extent necessary to make any court filings necessary to seek Court approval of and/or enforce this Agreement at any future date, including by opting out of any class action or by not opting into any collective action alleging the similar claims for unpaid wages.  If at any future date, a court were to decline to enforce this Agreement, in whole, or in part, Employee agrees that as long as the Company has paid and Employee has received such wages, damages or penalties, and fees' and costs in full in accordance with paragraph 2, then as of the date on which she signed this Agreement, she has been paid for all wages due and owing for the claims alleged; a fair amount for associated liquidated damages or penalties under federal, state and local law; and for her attorney's fees and costs as of the date on which she signed this Agreement.

6.   <u>RELEASE</u>.  Employee hereby irrevocably and unconditionally releases and forever discharges the Released Parties and all persons acting by, through, under, or in concert with any of them from all claims liabilities, actions, demands, obligations, agreements, or proceedings of any kind, individually or as part of a group action, whether known or unknown, arising out of or relating to unpaid wages in connection with Employee's employment, including, but not limited to, all matters in law, in equity, in contract, or in tort, or pursuant to statute, including damages, liquidated damages, penalties, premiums, interest, attorney's fees, costs and expenses, to the

fullest extent permitted by governing law, including without limitation, claims arising under the Fair Labor Standards Act and analogous state or local laws.

7.      <u>NO PENDING CLAIMS</u>.  Employee represents that she will voluntarily dismiss the Lawsuit, and that she has not filed, and will not file, any other complaints, claims, or actions against the Released Parties with any state, federal, or local agency or court or any other forum based on events prior to the execution date of this Agreement. However, nothing in this Agreement shall preclude a federal, state or local government agency from enforcing applicable laws; although, Employee agrees that this Agreement bars her from recovering any individual relief in connection with any such enforcement action filed by her or on her behalf, to the fullest extent permitted by governing law.

8.      <u>NONDISCLOSURE</u>.  Employee agrees that she and has kept the terms of the negotiation of this Agreement confidential, with the exception of consulting with attorneys, tax advisors and immediate family members who have been informed of the need to keep it confidential, and with respect to her attorneys, not publicize the settlement on social media or websites.  Except as may be necessary for court approval, Employee agrees that she will not hereinafter disclose the terms of this Agreement (in particular, the Consideration provided in Paragraph 2), or the fact of its existence or execution, to anyone, except that Employee may disclose the terms to her attorneys, accountants, or immediate family members.  Such individuals shall be informed of the duty to keep the terms confidential pursuant to this paragraph and not advertise it online.  Otherwise, if asked about this matter, Employee may <u>only</u> respond that:  "It has been resolved, and I cannot discuss it," or words to that effect. Should Employee receive a subpoena or order of a court reasonably believed to be a court of proper jurisdiction seeking the disclosure of the terms of this Agreement, Employee shall give the Company notice of any such order or subpoena by forwarding the same within three business days to Stuart Race, Red Lion Home Care Inc., 300 East Lancaster Avenue, Suite 104, Wynnewood, PA 19096..

9.      <u>NO TRANSFER</u>.  This Agreement shall be binding upon, and inure to the benefit of, the Released Parties and upon their employees, officers, directors, members, parents, subsidiaries, affiliates, agents, heirs, administrators, representatives, executors, successors, and assigns.  Employee expressly warrants that she has not transferred to any person or entity any rights, causes of action or claims released in this Agreement.

10.     <u>PLAIN MEANING</u>. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties.

11.     <u>GOVERNING LAW AND ENFORCEMENT</u>.  This Agreement shall be construed and enforced pursuant to the laws of the Commonwealth of Pennsylvania.  It is further understood and agreed that if, at any time, a violation of any term of this Agreement is asserted by any Party hereto, that Party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages.

12.    <u>VOLUNTARY AGREEMENT.</u>    Employee acknowledges that she has read this Agreement, understands its legal and binding effect, and is acting voluntarily and of her own free will in executing it. Employee understands that the consideration for this Agreement is in addition to anything of value to which she is already entitled. Employee has had the opportunity to seek, and is advised in writing to seek, legal counsel prior to signing this Agreement. Employee has been given at least 21 days from the date she received this Agreement to consider its terms before signing it. In the event that she chooses to sign it prior to the expiration of the 21-day consideration period, she represents that she is knowingly and voluntarily waiving the remainder
of the 21-day consideration period, and agrees that changes, whether material or immaterial, do not restart the running of the 21-day consideration period.

13.    <u>Neutral Reference.</u>    Company shall provide Employee with a neutral reference, as follows: if the Company is contacted by any current or prospective employer of Employee, the Company and its agents shall provide only Employee's dates of employment, job title, and rate of pay, if authorized.

Dated: 08-06-2021 _____

MICHELLE WILSON

Dated: __c/27/21__

RED LION HOME CARE INC.

By: _____

STUART RACE

4829-6740-4276.2 / 100552-1004

4